IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NKOSI CHAMBERLAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:17-CV-717-WHA |
| | ) | [WO] |
| SHERIFF RUSSELL THOMAS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 21, 2017, Petitioner, a detainee incarcerated at the Pike County Jail in Troy, Alabama, filed this 28 U.S.C. § 2241 petition for habeas corpus relief in the United States District Court for the Southern District of Alabama. By order entered October 20, 2017, the United States District Court for the Southern District of Alabama transferred the petition to this court under 28 U.S.C. § 1406(a). This matter is now before the court for review under Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* ["Rule 4"].[2] Upon review, the court concludes the instant habeas corpus action is due to be summarily dismissed.

### **I. DISCUSSION**

Petitioner brings this habeas petition claiming that his bond is excessive and challenging the validity and legality of his detention in the Pike County Jail following his arrest on a drug

---

[1] Although Petitioner names the State of Alabama as the respondent, a petitioner's "immediate custodian," generally meaning "the warden of the facility where the prisoner is being held," is the proper respondent to a 28 U.S.C. § 2241 petition challenging a prisoner's present physical confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, the Clerk shall be directed to substitute Sheriff Russell Thomas as the proper Respondent.

[2] Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

trafficking offense. He seeks dismissal of the charges, a reduction of bond, and/or his release pending trial. Doc. 1.

Petitioner previously filed a 28 U.S.C. § 2241 with this court on October 3, 2017. *See Chamberlain v. State of Alabama,* Civil Action No. 2:17-cv-664-WKW (M.D. Ala.). That case is pending in this court. A review of the petition filed in the instant action reflects that it is a duplicate of the petition filed in Civil Action No. 2:17-cv-664-WKW. Before the United States District Court for the Southern District of Alabama could affect the transfer of the above-captioned petition to this court, Petitioner filed Civil Action No. 2:17-cv 664-WKW. To avoid duplicative litigation, a trial court may, in the exercise of its discretion, either stay or dismiss the duplicative action. *See Durbin v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (citations omitted) ("[A] suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions[,]" [and] "[federal] courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending…"); *Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016). Because the instant petition is identical to that filed in Civil Action No. 17-cv-664-WKW, the court concludes that this action is due to be denied and dismissed as duplicative.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief be DENIED as duplicative and DISMISSED under Rule 4, *Rules Governing Section 2254 Cases in the United States District Court*.

The Clerk is DIRECTED to substitute Sheriff Russell Thomas for the State of Alabama as the proper respondent to this 28 U.S.C. § 2241 petition.

It is further

ORDERED that **on or before November 10, 2017**, Petitioner may file an objection to the Recommendation.  Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of October, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge